**Kyle W. LAUKUS, Appellant**

v.

**UNITED STATES of America, Appellee.**

**No. 10–5148.**

United States Court of Appeals, District of Columbia Circuit.

Dec. 12, 2011.

Terry Wayne Vincent, Anastasia Joy Wade, Brouse McDowell, LPA, Cleveland, OH, for Appellant.

Kyle W. Laukus, Benton Harbor, MI, pro se.

Janet Arlene Bradley, Joan I. Oppenheimer, Gilbert Steven Rothenberg, Esquire, Deputy Assistant, U.S. Department of Justice, R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: GARLAND and KAVANAUGH, Circuit Judges, and RANDOLPH, Senior Circuit Judge.

***JUDGMENT***

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court, and briefed and argued by counsel. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

Both parties agree that venue for this lawsuit does not lie in the United States District Court for the District of Columbia. If a suit is filed in the wrong district, 28 U.S.C. § 1406(a) provides that a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Although we do not rule on the district court's determination that no federal court would have subject-matter jurisdiction over Laukus' claims, the district court clearly did not abuse its discretion in holding that transfer was not "in the interest of justice." *See Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 789 (D.C.Cir.1983). Indeed, the appellant's pleadings, both in the district court and this court, did not even request transfer. We therefore affirm the dismissal of the case under § 1406(a).

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. *See* FED. R.APP. P. 41(b); D.C.Cir. R. 41(a)(1).